UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-343-FDW

| DARRYL BOYD ADKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU MARTIN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion Notice to Clerk of Court of Defendants Request for Waiver to Clerk of Court and to Plaintiff, that Defendant Answer to All Plaintiff Complaint and Relief" (Doc. No. 23), Motion for the Appointment of Counsel, (Doc. No. 24), and "Motion for Default Judgment Against Defendant & Waiver of Service," (Doc. No. 25).

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

In support of the Motion for Appointment of Counsel, Plaintiff states that he is unable to afford counsel and has requested leave to proceed *in forma pauperis*, his imprisonment will greatly limit his ability to litigate the case, the issues are complex, he has limited access to the law library and limited knowledge of the law, the case will require significant research and investigation, Plaintiff has no access to a law library and no knowledge of the law, Plaintiff's outgoing and incoming mail are tampered with because the Defendant has a lot of friends and relatives at Marion C.I., a trial will likely involve conflicting testimony that counsel would be better able to present,

1

and Plaintiff has made repeated complaints and efforts to mail out certain complaints to the Raleigh Administration Office.

This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

Petitioner alleges in his "Motion Notice to Clerk" and Motion for Default Judgment that Defendant Martin and DPS have failed to comply with the Court's Order requiring a response to the waiver of service request by July 30, 2018, (Doc. No. 18), and therefore default judgment should be entered in Plaintiff's favor.

Defendant Martin timely returned the executed Waiver of Service on July 27, 2018. (Doc. No. 22). The Answer is due on September 25, 2018. Defendant Martin is not in default and Plaintiff's Motions will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Motion Notice to Clerk of Court of Defendants Request for Waiver to Clerk of Court and to Plaintiff, that Defendant Answer to All Plaintiff Complaint and Relief" (Doc. No. 23), is construed as a Motion for Default Judgment and is **DENIED.**

(2) Plaintiff's Motion for Appointment of Counsel, (Doc. No. 24), is **DENIED**.

(3) Plaintiff's Motion for Default Judgment, (Doc. No. 25), is **DENIED**.

(4) The Clerk of Court is instructed to mail *pro se* Plaintiff a copy of the docket sheet and Defendant Martin's Waiver of Service, (Doc. No. 22).

Signed: September 5, 2018

Frank D. Whitney
Chief United States District Judge