UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-343-FDW

| | |
|---|---|
| DARRYL BOYD ADKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PAMELA MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the several Motions filed by the *pro se* Plaintiff, (Doc. Nos. 45, 47, 51, 52, 53, 55, 57, 61, 62).

The *pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 for an incident that allegedly occurred at the Marion Correctional Institution. He is proceeding *in forma pauperis.* (Doc. No. 12). The Amended Complaint passed initial review on a claim of excessive force against correctional officer Pamela Martin. (Doc. No. 18). The Court entered a Pretrial Order and Case Management Plan including a discovery cutoff date of July 1, 2019 and a due date for dispositive motions of July 29 that was extended to August 28, 2019. (Doc. Nos. 46, 60).

Plaintiff has filed a number of Motions in which he seeks, *inter alia*, preliminary injunctive relief transferring him to another prison, judgment in his favor, discovery, and the appointment of counsel.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited

1

circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

Plaintiff's conclusory Motions seeking transfer to another prison have failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, his request for preliminary injunctive relief will be denied.

Plaintiff seeks the entry of judgment in his favor. Plaintiff's Motions are denied because he has not demonstrated that he is entitled to judgment as a matter of law. The Court notes that the deadline for filing dispositive motions has not yet expired.

Plaintiff's request for the appointment of counsel will also be denied. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff states that he cannot afford counsel and has asked to proceed *in forma pauperis*, his imprisonment will greatly limit his ability to litigate and the issues are complex and will require significant research and investigation; he has "limited access and NO access to any law and limited and no knowledge of any law," (Doc. No. 61 at 1), that trial will likely involve conflicting testimony that a lawyer would be better able to present and cross examine witnesses, that Plaintiff has made repeated efforts to obtain a lawyer and has filed many motions to which

defense counsel has failed to respond, and NCPLS has "act to get permission from the court to help the plaintiff in this case," (Doc. No. 61 at 2). Plaintiff has been able to represent himself adequately thus far in the proceedings and he has failed to demonstrate the existence of extraordinary circumstances. The Motion for Appointment of Counsel will therefore be denied.

Plaintiff also filed several requests for discovery with the Court. To the extent that discovery requests were misdirected to the Court, they were disregarded. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Plaintiff never filed a motion to compel alleging that Defendant had failed to comply with discovery requests. See (Doc. No. 46) (Pretrial Order and Case Management Plan addressing motions to compel). Therefore, to the extent that Plaintiff's Motions address discovery, they are denied.

The additional miscellaneous requests for relief contained in Plaintiff's Motions are insufficient to support relief and are also denied.

**IT IS THEREFORE ORDERED** that Plaintiff's pending Motions, (Doc. Nos. 45, 47, 51, 52, 53, 55, 57, 61, 62), are **DENIED** for the reasons stated in this Order.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge